UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

05 CV 6280

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Ali Hilly,

                Plaintiff,

       - against -

OneSource Facility Services, Inc., and
OneSource N.Y., Inc.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

COMPLAINT

JURY TRIAL DEMANDED

RECEIVED
JUL 08 2005
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff Ali Hilly, by his attorneys, Beranbaum Menken Ben-Asher & Bierman LLP, complaining of defendants OneSource Facility Services, Inc. and OneSource N.Y., Inc., alleges:

## NATURE OF ACTION

1. This action is brought to remedy claims of employment discrimination, pursuant the Age Discrimination in Employment Act (29 U.S.C. Sec. 621 et seq), the New York City Human Rights Law (Administrative Code of the City of New York, Sec. 8-101 et seq), and the New York State Human Rights Law (New York Executive Law Sec. 290 et seq.) .

2. Plaintiff seeks injunctive and declaratory relief, compensatory, liquidated and punitive damages, and other appropriate relief pursuant to federal, state and New York City law.

JURISDICTION AND VENUE

3. On August 20, 2004, plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission, complaining of the acts of discrimination alleged in this complaint.

4. On or about April 12, 2005, more than 60 days after plaintiff filed his EEOC charge under the ADEA, the EEOC issued plaintiff a right to sue letter authorizing plaintiff to file a lawsuit pursuant the ADEA.   A copy of this letter is attached as Exhibit A.

5. This action is filed within ninety days of plaintiff's receipt of the EEOC's right to sue letter.  Plaintiff  has complied fully with all prerequisites to jurisdiction in this Court under the ADEA.

6. This Court has jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. Sec. 1331,  28 U.S.C. Sec. 1337,  28 U.S.C. Sec. 1343(a)(4),  42 U.S.C. Sec. 2000e-5(f)(3), and 29 U.S.C. Sec. 626(b) and (c).  This Court also has supplemental jurisdiction over plaintiff's claims under the New York City Human Rights Law and the New York State Human Rights Law, pursuant to 28 U.S.C. Sec. 1367.

7. Venue is proper in this District pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices complained of occurred within the Southern District of New York; the employment records relevant to this action are found within this District; and but for the defendants' unlawful employment practices, plaintiff would have

worked within this district.

## PARTIES

8. Plaintiff Ali Hilly resides in Brooklyn, New York. His date of birth is February 18, 1939. He is 66 years old, and at the time of his termination, he was 64 years old.

9. Prior to his termination, Mr. Hilly was employed by defendants OneSource Facility Services, Inc. and OneSource N.Y., Inc. (collectively referred to below as "OneSource.")

10. Upon information and belief, defendant OneSource Facility Services, Inc. is an employer within the meaning of the Age Discrimination in Employment Act, 29 U.S.C. Sec. 630(b), the New York City Human Rights Law and the New York State Human Rights Law.

11. Upon information and belief, defendant OneSource Facility Services, Inc. is incorporated in the state of Delaware. It has offices at 1600 Parkwood Circle, Atlanta, GA 30339 and at 429 West 53rd Street, New York, N.Y. 10019.

12. Upon information and belief, defendant OneSource N.Y., Inc. is incorporated in the state of Delaware. It has offices at 1600 Parkwood Circle, Atlanta,GA 30339 and at 429 West 53rd Street, New York, N.Y. 10019.

13. OneSource, as described on its website, is a leading provider of outsourced

facilities services to the commercial, industrial and institutional markets. Its services

including cleaning, engineering (operations and maintenance), and staffing services.

OneSource is a subsidiary of Carlisle Holdings Ltd. Carlisle's website describes

OneSource as having more than 30,000 employees and 10,000 clients.      14. Upon

information and belief, each of the defendants is engaged in an industry affecting

commerce, as defined in the ADEA, 29 U.S.C. Sec. 630(h), and has employed more than

twenty or more employees for each working day in each of twenty or more calendar

weeks in 2003 through the present.


## FACTUAL ALLEGATIONS

15.   Plaintiff Ali Hilly worked for OneSource and its predecessor companies at the

companies' United Nations Plaza site for approximately thirty two years, from 1971 until

October 29, 2003.

16. Mr. Hilly  was originally hired by Allied Maintenance, and then was employed

by the company which acquired it, Ogden.   In 1985, he began working at the United

Nations Plaza site.  In 1988, he  was put in charge of the UN site, and was promoted to

Project Manager.   In July of 1996, International Service Systems took over the contract

with the UN, and plaintiff became an employee of that company.  In or about 2000,  ISS'

American operations were taken over by OneSource.  Plaintiff was the one non-union

employee at the UN site who was hired by OneSource.  Plaintiff began reporting directly

to OneSource's Division President, Dan Duffy.

17.  Plaintiff was promoted to Senior Project Manager in the Spring of 1998. When Alan Marquesano succeeded Dan Duffy as Division President, plaintiff began reporting to Mr. Marquesano.

18.  Mr. Hilly was in charge of labor relations, arbitrations, customer relations with the UN, quality control, and managing the employees on the day and night shifts at the UN.

19.  At the time plaintiff was terminated, he supervised approximately 120 employees, and that number had been higher before a reduction in force at the company earlier in the year.

20.  Plaintiff worked extremely long hours, and was on call 24 hours a day.

21.  To accommodate the long hours and OneSource's need for on-call responsiveness, plaintiff rented an additional apartment near the UN, so he could respond to emergencies more quickly than from his home in Brooklyn.

22.  Plaintiff's performance was excellent.

23.  In the spring of 2003, plaintiff was instrumental in obtaining a new and extremely advantageous contact for OneSource at the UN, under which OneSource would continue to provide services for three years, with the option of a two year renewal. Plaintiff lobbied his contacts at the UN to obtain the contract, and gave OneSource valuable advice in the contract negotiations.

24.  As a result, plaintiff's salary was raised from $70,000 to $105,000 per year.

25.  Defendants terminated plaintiff by letter dated October 29, 2003.  The

termination letter, signed by defendants' Human Resources Manager Terry Vidal, stated

that plaintiff's position had been "reorganized," and that the new position required "heavy

computer reporting and hands-on computer skills, which we understand you do not

possess."

26.  At the age of 64, plaintiff was the oldest senior-ranking OneSource employee.

His responsibilities were assumed by Milton Kerr, who is approximately twenty years

younger than plaintiff, and by Doris Bone, who at the time was approximately forty years

old.

27.   The reasons offered by defendants for plaintiff's termination were not true,

and were pretextual.

28.  The computer-related tasks which were supposedly required by the

"restructured" position had long been performed by Mr. Hilly's assistant, Christine Perez.

Other such computer-related tasks were being handled by Doris Bone.

29.  Defendants had never suggested to plaintiff that he should develop those

computer skills, and he was never offered computer training.  If defendants had offered

plaintiff such training, he could have easily learned those programs and would have

willingly done those tasks.

30.  In proceedings at the EEOC, defendants contended that plaintiff had been

terminated because of his performance, because of complaints made by the United

Nations.  While the United Nations had advised OneSource about problems with

OneSource's compliance with certain provisions of the contract governing their

relationship, those problems concerned matters that were not plaintiff's responsibility.

These matters included, among others, the provision of hardware and software for a

Computerized Time Clock System; the submission of a detailed plan for use of a

Computerized Maintenance Management System;  and OneSource's failure to provide a

Services Management Action Plan.  The UN was also concerned about the qualifications

of certain employees on the site, other than plaintiff.

31.  At the EEOC, defendants claimed that the United Nations had demanded that

defendants terminate plaintiff.  In fact, the United Nations did not seek the termination of

plaintiff's employment.  Upon information and belief, the United Nations did ask

defendants to replace other individuals in job titles other than plaintiff's, by removing

those individuals from the UN site.   In addition, upon information and belief, the UN did

not request the termination of employment of any OneSource employee.

32.  Defendants made no effort to seek to transfer plaintiff in another position at

OneSource, although plaintiff could have easily assumed such a position and capably

performed it.

33.  At the EEOC, defendants also claimed that plaintiff had been terminated

because he refused to meet with a representative of defendants' Human Resource

department. Plaintiff did not refuse to attend such a meeting.

34. As a result of his termination, plaintiff has suffered significant economic losses, including but not limited to lost salary, bonuses, 401(k) retirement plan, and other employee benefits.

35. Despite a diligent job search, plaintiff has been unable to obtain re-employment.

## FIRST CAUSE OF ACTION:

## AGE DISCRIMINATION IN EMPLOYMENT ACT

36. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 35 above as if they were fully set forth here.

37. Defendants intentionally and willfully discriminated against plaintiff on the basis of his age, in violation of the ADEA, 29 U.S.C. Sec. 623(a)(1), by terminating plaintiff from his employment.

38. As a direct and proximate result of defendant's discriminatory acts, plaintiff has suffered and continues to suffer economic losses for lost salary, bonuses, retirement benefits, and other employee benefits.

39. Based on defendant's willful discriminatory acts, plaintiff is also entitled to an award of liquidated damages, pursuant to 29 U.S.C. Sec. 626(b).

-8-

SECOND CAUSE OF ACTION:

NEW YORK CITY HUMAN RIGHTS LAW

40.  Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 35 above as if they were fully set forth here.

41.  Defendants intentionally discriminated against plaintiff in the terms and conditions of his employment on the basis of his age, in violation of the New York City Human Rights Law, by terminating plaintiff from his employment.

42.  As a direct and proximate result of defendant's discriminatory acts, plaintiff has suffered and continues to suffer economic losses, including lost salary, bonuses, retirement benefits and other employee benefits, and mental anguish and emotional distress.

THIRD CAUSE OF ACTION:

NEW YORK STATE HUMAN RIGHTS LAW

43.  Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 35 above as if they were fully set forth here.

44.  Defendants intentionally discriminated against plaintiff in the terms and conditions of his employment on the basis of his age, in violation of the New York State Human Rights Law, by terminating plaintiff from his employment.

45.  As a direct and proximate result of defendant's discriminatory acts, plaintiff

has suffered and continues to suffer economic losses, including lost salary, bonuses, retirement benefits and other employee benefits, and mental anguish and emotional distress.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a Judgment:

a) Declaring the acts and practices complained of in this action to be violations of the Age Discrimination in Employment Act and the New York City and New York State Human Rights Laws;

b) Enjoining and permanently restraining these violations of the Age Discrimination in Employment Act and the New York City and New York State Human Rights Laws;

c) Directing defendants to place plaintiff in the position he would have occupied but for defendants' discriminatory conduct;

d) Directing defendants to make plaintiff whole for all earnings and other benefits he would have received but for defendants' discriminatory conduct, including but not limited to lost back pay, front pay, all other lost employee benefits, and interest, under the Age Discrimination in Employment Act and the New York City and New York State Human Rights Laws;

e) Directing defendants to pay plaintiff compensatory damages, including damages for emotional distress, pain and suffering, and punitive damages and interest,

-10-

under the New York City Human Rights Law;

f) Directing defendants to pay plaintiff compensatory damages, including damages for emotional distress, pain and suffering, and interest under the New York State Human Rights Law;

g) Directing defendants to pay plaintiff liquidated damages, under the ADEA, pursuant to 29 U.S.C. Sec. 626(b);

h) Awarding plaintiff the reasonable attorney's fees and costs of this action, under the ADEA and the New York City Human Rights Law;

i) Granting plaintiff such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury in this action.

Dated:      New York, New York
            July 8, 2005

BERANBAUM MENKEN BEN-ASHER & BIERMAN LLP
Attorneys for Plaintiff
80 Pine Street - 32nd floor
New York, N.Y. 10005
Telephone: (212) 509-1616
Facsimile: (212) 509-8088

By: _____
    Jonathan Ben-Asher
    JB-A 4572
    E-mail:  jb-a@bmbblaw.com

**EXHIBIT A**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New York District Office
33 Whitehall Street–5th Floor
New York, NY 10004

Peter Alan Holland
Senior Investigator

**Mr. Ali Hilly**
**1327 East 59th Street**
**Brooklyn, NY 11234**

Re:   Charge No. 160-2004-02947
       Hilly v. OneSource Facility Services

Dear Mr. Hilly:

The EEOC has concluded its inquiry into your allegations of employment discrimination, filed under the Age Discrimination in Employment Act [ADEA]. As you may know, our charge handling procedures and enforcement plan call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce. Our review of the evidence in your case, including the information you provided, fails to indicate that a violation has occurred and it is not likely that additional information will result in our finding a violation.

You alleged that you were removed from your duty station at the United Nations by the Respondent because of your age. Respondent has demonstrated that by a letter dated 26 September 2003, the Director, General Legal Division of the United Nations requested the removal of both the day and night supervisors because these two individuals did not meet the UN's requirements of being "professional and technically competent." While you have asserted that you were not the day supervisor, thus the UN did not mean that you should be removed, the Respondent has documented, to the satisfaction of the Commission, that you were the manager who the UN wanted removed from their facility due to performance issues. Specifically, the Respondent has provided the EEOC with a sworn affidavit from their regional human resources manage who was personally involved in the negotiations with the UN concerning their request for new day and night supervisors. This manager states that you were the individual specified by the UN for removal. This is a factor other than age

The Respondent has demonstrated that you were discharged because you did not meet with the regional human resources director as requested, but kept putting off such a meeting. The decision to discharge you was made jointly by the regional human resources manager and the division president.

This concludes the Commission's processing of your complaint.

Even though you may disagree, it is very unlikely that the EEOC would find a violation if it invested additional resources in this case.

Your Determination/Dismissal and Notice of Rights are enclosed. The Determination is final. *If you wish to pursue the charge on your own, you may file a lawsuit on your own in Federal District Court using the enclosed Notice of Right to Sue, within 90 days of your receipt of it, otherwise your right to bring a lawsuit will be lost.*

Sincerely,

Peter Alan Holland                    Date: 4/12/05


cc: Jonathan Ben-Asher, Esq..

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Mr. Ali Hilly<br>1327 East 59th Street<br>Brooklyn, NY 11234 | From: | Equal Employment Opportunity Commission<br>New York District Office<br>33 Whitehall Street, 5th Floor<br>New York, New York 10004-2112 |
|---|---|---|---|

|  | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR § 1601.7(a))* |  |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **160-2004-02947** | Legal Unit | **(212) 336-3721** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statute(s).

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____          4/12/05
Spencer H. Lewis, Jr., District Director              (Date Mailed)

Enclosure(s)

cc:   **Respondent: OneSource Facility Services**

**Attorney for Mr. Hilly: Jonathan Ben-Asher, Esq.**